UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES OF PAVERS AND ROAD BUILDERS
DISTRICT COUNCIL WELFARE, PENSION,
ANNUITY AND APPRENTICESHIP, SKILL
IMPROVEMENT AND SAFETY FUNDS and THE
HIGHWAY, ROAD AND STREET CONSTRUCTION
LABORERS LOCAL UNION 1010,

                Plaintiffs,

                                **REPORT &**
                                **RECOMMENDATION**
    -against-                    CV 18-0686 (JS) (AYS)

CHAMPION ELECTRICAL MECHANICAL
BUILDER CORP., and ALLIED WORLD
SPECIALTY INSURANCE COMPANY,

                Defendants.
-------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Having reviewed all of the moving papers, the Court hereby finds as follows:
    *Service of Process and Default*
☑ The record reflects that proper service was made on Defendant Champion Electrical Mechanical Builder Corp. ("Champion").  **DE [6].**
☑ According to the record, no answer, motion or other appearance was filed on behalf of Champion.
☑ The Clerk has properly entered a notation of default with respect to Champion, pursuant to Fed. R. Civ. P. 55(a).  **DE [14].**
☑ Copies of the original signed Collective Bargaining Agreements were submitted, which cover the specified time periods.  **DE [17-1].**
☑ Required Notices were sent to Champion.
    ☑ A Summons was issued and Champion was served on February 2, 2018.  **DE [6].**
    ☑ When Champion failed to answer or otherwise respond to the Complaint, at Plaintiff's request, the Clerk of Court entered default against Champion.  **DE [14].**

I.    <u>Liability</u>

    Defendant's default constitutes "an admission of all well-pleaded allegations against the

defaulting party."  <u>Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.</u>, 373 F.3d 241, 244 (2d

Cir. 2004). Nevertheless, the court is "required to determine whether the [plaintiffs'] allegations establish [defendant]'s liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 85 (2d Cir. 2009). Based upon an examination of the Complaint and the motion papers, this Court finds that Plaintiffs have demonstrated that the uncontroverted allegations, without more, establish Champion's liability on the causes of action contained therein. Thus, the Court respectfully recommends that Plaintiffs' motion for a default judgment be GRANTED.

II.  Damages

Based upon ☐ a hearing or ☑ a review of affidavits and other documentary evidence, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp, 109 F.3d 105, 111 (2d Cir. 1997) (stating that a court may rely upon affidavits and documents in calculating damages upon default), the Court finds that Plaintiffs have established damages in the following amounts as against Champion.

|  |  | Percentage Rate | Time Period | Document supporting award |
|---|---|---|---|---|
| Unpaid Contributions | $506,986.32 | N/A | March 1, 2016 – November 30, 2017 | CBA at p. 25-27, §§ 1, 4, Art. IX, DE [17-1]; Trust Agreement at p. 57-58, § 9, Art. VII, DE [18-1]; Collection Policy at p. 3, § 1, Art. II, DE [18-2]. |
| Interest on Unpaid Contributions | $89,706.01 | 10% per annum | March 1, 2016 – August 1, 2018 | CBA at p. 28, § 5, Art. IX, DE [17-1]; Trust Agreement at p. 57-58, § 9, Art. VII, DE [18-2]; Collection |

| | | | | |
|---|---|---|---|---|
| | | | | Policy at p. 2, § 4, Art. I, p. 3, § 5, Art. II, DE [18-2]. |
| Additional Interest[1] | $12,649.00 | 10% per annum | August 2, 2018 – Date of R&R | |
| Interest on Late Contributions | N/A | N/A | N/A | N/A |
| Post-Judgment Interest | Yes | N/A | August 2, 2018 – Date of Judgment | Trust Agreement at p. 57-58, § 9(e), Art. VII, DE [18-1]. |
| Dues/Union Assessments | $43,817.85 | | | CBA at p. 25-27, §§ 1, 4, Art. IX, DE [17-1]; Trust Agreement at p. 57-58, § 9, Art. VII, DE [18-1]; Collection Policy at p. 3, § 1, Art. II, DE [18-2]. |
| Liquidated Damages [2] | $50,698.63 | 10% of the unpaid contributions | N/A | CBA at p. 28, § 5, Art. IX, DE [17-1]; Trust Agreement at p. 57-58, § 9, Art. VII, DE [18-1]; Collection Policy at p. 2, § 5, Art. I, p. 3, § 5, Art. II, DE [18-2]. |

---

1. This Court respectfully recommends that Plaintiff be awarded additional interest through the date of this Report and Recommendation, as well as $139.00 in per diem interest through the date of judgment herein. The daily interest rate is calculated by multiplying the unpaid principal contributions by the annual interest rate divided by 365 days.

2. "In order to be enforceable, a liquidated damages provision in a labor agreement must satisfy two conditions: (1) 'the harm caused by the breach must be very difficult or impossible to estimate' and (2) 'the amount fixed must be a reasonable forecast of just compensation for the harm caused.'" Gesualdi v. Fortunata Carting Inc., 5 F. Supp. 3d 262, 278 (E.D.N.Y. 2014) (citations omitted). However, if the amount is de minimis or the nature of the damages is related to delay in payment, an "inquiry into the propriety of liquidated damages may not be necessary." Id. at 278.

3

| | | | | |
|---|---|---|---|---|
| Pre-Liquidated Damages (Late Fees). | N/A | N/A | N/A | N/A |
| Audit Fees[3] | $4,590.00 | N/A | May 1, 2016 – July 31, 2017 | CBA at p. 26, § 5, DE [17-1]; Trust Agreement at p. 57-58, § 9, Art. VII, DE [18-1]; Collection Policy at p. 2, § 4, Art. I, DE [18-2]. |
| **Total** | **$708,447.81** | | | |

III.    <u>Attorney's Fees and Costs</u>

Plaintiffs are also entitled to recover reasonable attorney's fees, pursuant to the Collective Bargaining Agreements and 29 U.S.C. § 1132(g)(2), "which mandates the granting of reasonable attorney's fees and costs in ERISA matters brought by fiduciaries to enforce the terms of the [collective bargaining agreement]." <u>Local 348 Health & Welfare Fund v. Milmar Food Group, LLC</u>, 2006 WL 1025075, at *5 (E.D.N.Y March 24, 2006). As a general matter, when determining the appropriate amount of attorney's fees to award, the "presumptively reasonable fee" is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." <u>Millea v. Metro–North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011)

---

3. While ERISA does not explicitly allow for the recovery of audit fees, it authorizes such other legal and equitable relief as a court deems appropriate. <u>See</u> 29 U.S.C. § 1132(g)(2). Based on this language, courts have deemed audit costs to be "routinely recoverable in ERISA actions." <u>Ferrara v. CMR Contracting LLC</u>, No. 10-CV-5905, 2012 WL 987497, at *7 (E.D.N.Y. Mar. 6, 2012) (awarding $700 in audit fees for two estimated audits conducted); <u>see also</u> <u>Masino v. A to E., Inc.</u>, No. 09 CV 1651, 2010 WL 3780176, at *8-9 (E.D.N.Y. Sept. 3, 2010) (awarding $1,137 in audit fees); <u>Gesualdi v. Andrews Trucking Corp.</u>, No. 09 CV 565, 2010 WL 2292392, at *1 (E.D.N.Y. June 3, 2010) (awarding $13,382.50 in audit fees).

(quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). In determining what constitutes a "reasonable hourly rate," the Court is guided by the market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). "The relevant community to which the court should look is the district in which the case was brought." Marisol A. v. Guiliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987)).

The Plaintiffs in this case are seeking the following attorneys' fees:

| Name | Position/Title | Hourly Rate | EDNY Hourly Rate | Rate Awarded | Hours | Total |
|---|---|---|---|---|---|---|
| Nicole Marimon | Associate | $250 | $300 | $250 | 19.9 | $4,975.00 |
| Paige Davis | Associate | $250 | $300 | $250 | 3.4 | $ 850.00 |
| Kelly Malloy | Law Clerk | $250 | $100 | $100 | 25.1 | $2,510.00 |
| Various | Paralegals | $ 80 | $100 | $ 80 | 14.5 | $1,160.00 |
| **TOTAL** | | | | | | $ 9,495.00 |

The Court finds that the associate and paralegal rates charged by Plaintiff's counsel are consistent with the hourly rates generally applied in similar ERISA actions in this District. See Trustees of the United Teamster Pension Fund v. Juniors Produce Inc., No. 15-CV-6927, 2016 WL 4995023, at *6 (E.D.N.Y. Aug. 31, 2016), adopted by, 2016 WL 4995154 (E.D.N.Y. Sep. 19, 2016) ("Courts in the Eastern District of New York have approved hourly

5

rates ranging from $200-$400 for partners, $100-$300 for associates, and $70-$90 for paralegals."); Gesualdi v. Seacost Petroleum Prods., Inc., 97 F. Supp. 3d 87, 107 (E.D.N.Y. 2015) ("This district has routinely approved rates ranging from $200-$400 for partners, $100-$300 for associates, and $70-$80 for paralegals."). With respect to Kelly Malloy, a law clerk in Plaintiff's counsel's firm, however, the hourly rate charged is excessive. "Numerous cases in the Eastern District [of New York] hold that the hourly rates awarded to law clerks (who are not admitted to the bar) should be comparable to those awarded to paralegals." Douyon v. N.Y. Med. Health Care, P.C., 49 F. Supp. 3d 328, 348 (E.D.N.Y. 2014). Accordingly, this Court recommends awarding $100 per hour for time expended by Ms. Malloy. The hours expended by Plaintiff's counsel are within the reasonable range. See Douyon, 49 F. Supp. 3d at 350 (E.D.N.Y. 2014); see also Finkel v. Captree Elec. Supply Co. Inc., No. 14-CV-3584, 2015 WL 5316257, at *6 (E.D.N.Y. July 31, 2015), adopted by, 2015 WL 5330388 (E.D.N.Y. Sept. 11, 2015); Gesualdi v. Metro. Sewer, Inc., No. CV 11-6363, 2016 WL 943533, at *7 (E.D.N.Y. Feb. 19, 2016).

     Plaintiffs also seek to recover their litigation costs, which include: (1) the court filing fee of $400.00; (2) $110.00 in process server fees; (3) electronic legal research fees of $15.54; (4) a Courtlink fee of $5.98; and (5) $3.51 in postage. "ERISA provides for the recovery of costs associated with the litigation, see 29 U.S.C. § 1132(g)(2)(D), and a court will generally award those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally charged fee paying clients.'" Seacost Petroleum, 97 F. Supp. 3d at 109 (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)) (additional citation and internal quotation marks omitted) (alteration in original).

Based on the foregoing, this Court respectfully recommends that Plaintiffs be awarded $9,495.00 in attorney's fees and $535.03 in costs.

## RECOMMENDATION

For the reasons set forth above, this Court respectfully recommends that Plaintiffs' motion for a default judgment with respect to Defendant Champion Electrical Mechanical Builder Corp. be GRANTED and that Plaintiffs be awarded damages as follows: (1) unpaid contributions in the amount of $506,986.32; (2) $102,355.01 in interest accrued through the date of this Report and Recommendation, with additional per diem interest to be calculated at a rate of $139.00 per day through the date of judgment herein; (3) liquidated damages in the amount of $50,698.63; (4) dues and union assessments in the amount of $43,817.85; (5) audit fees in the amount of $4,590.00; (6) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961; (7) attorney's fees in the amount of $9,495.00; and, (8) costs in the amount of $535.03, for a total monetary award of $718,477.84, plus additional pre and post-judgment interest. Finally, the Court recommends that Defendant Champion be directed to submit to an audit of its books and records covering the period March 30, 2016 through the present.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiffs to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant Champion at its last known address(es), and to file proof of service on ECF, by November 5, 2018. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); FED. R. CIV. P. 6(a), 72(b). Any

requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated:  Central Islip, New York
        October 31, 2018

                                         /s/ Anne Y. Shields
                                        Anne Y. Shields
                                        United States Magistrate Judge